UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

In re:

ARC VENTURE HOLDING, INC., et al.

        Debtors.

-----------------------------------------------------------

MATTHEW REINGOLD
on his own behalf and on behalf of
all other persons similarly situated,

        Plaintiff,

- v -

ADVANTAGE RENT-A-CAR, INC., ARC
VENTURE HOLDING, INC., SOUTHWEST-TEX
LEASING CO., INC., ROSEDALE DODGE, INC.
d/b/a ROSEDALE LEASING, WALDEN FLEET
SERVICES II, INC., and ROSEDALE FLEET
LEASING II, LLC

        Defendants.
_____

Case No. 08-bk-46367 DDO
Ch. 11

(Jointly Administered)

Adversary Proceeding
No. _____

## ADVERSARY PROCEEDING COMPLAINT
## CLASS ACTION
_____

Plaintiff, by and through his undersigned counsel, on behalf of himself and all other similarly situated persons, as and for their complaint against Defendants, allege as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1331, 1334 and 1367.

2. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

## NATURE OF THE ACTION

3. This is a class action for the recovery by Plaintiff and other similarly situated employees of the Defendants of damages in the amount of 60 days' pay and ERISA benefits by reason of Defendants' violation of the Plaintiff's rights under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "WARN Act"). The Plaintiff and Class member were employees of the Defendants and were terminated as part of, or as a result of, mass layoffs and/or plant closings ordered by the Defendants. Pursuant to the WARN Act, the Debtor Defendants and non-Debtor Defendants constituted a "single employer". As such, each of the Defendants violated the WARN Act by failing to give the Plaintiff and other similarly situated employees of the Defendants at least 60 days' advance notice of termination, as required by the WARN Act. As a consequence, the Plaintiff and other similarly situated employees of the Defendants are entitled under the WARN Act to recover from the Defendants their wages and ERISA benefits for 60 days, none of which has been paid.

## PARTIES.

4. Upon information and belief, at all relevant times, Defendant Advantage Rent-A-Car, Inc. ("Advantage, Inc.") was a corporation duly organized and existing under the laws of the State of Texas.

5. Upon information and belief, at all relevant times, Defendant ARC Venture Holding, Inc. ("ARC Venture") was a corporation duly organized and existing under the laws of the State of Delaware.

6. Upon information and belief at all relevant times, Southwest-Tex Leasing Co. Inc. ("Southwest") was a corporation duly organized and existing under the laws of the State of Texas. (ARC Venture Holding, Inc., Advantage Rent-A-Car, Inc. and Southwest-Tex Leasing Co. Inc. are referred to herein as the "Debtor Defendants").

7. On or about December 8, 2008, Defendants ARC Venture, Advantage, and Southwest filed with this Court voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

8. Upon information and belief at all relevant times, Rosedale Dodge Inc. d/b/a Rosedale Leasing was a corporation duly organized and existing under the laws of the State of Minnesota.

9. Upon information and belief at all relevant times, Walden Fleet Services II Inc. was a corporation duly organized and existing under the laws of the State of Minnesota.

10. Upon information and belief at all relevant times, Rosedale Fleet Leasing II LLC was a corporation duly organized and existing under the laws of the State of Minnesota. (Rosedale Dodge, Inc. d/b/a Rosedale Leasing, Walden Fleet Services II, Inc. and Rosedale Fleet Leasing II, LLC are referred to herein as the "Non Debtor Defendants")

11. At all relevant times, Defendants maintained and operated multiple facilities across the nation including, <u>inter alia,</u> facilities located at 6660 First Park Boulevard San Antonio, Texas 78258 and 500 Ford Road Minneapolis, Minnesota 55426 (collectively "the Facilities").

12. Until their termination by Defendants, the Plaintiff and other similarly situated persons were employees of Defendants who worked at or reported to one of the Facilities.

## CLASS ACTION ALLEGATIONS 29 U.S.C. § 2104

13. The Plaintiff and each person he seeks to represent herein, were discharged on or about December 4, 2008 without cause on his or her part and are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

14. The Plaintiff brings this action on his own behalf and, pursuant to the WARN Act, and Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b) of the Federal Rules of Civil Procedure, on behalf of all other similarly situated former employees of Defendants who were terminated without cause as part of or as the reasonably foreseeable result of the mass layoffs and plant closings ordered by Defendants on December 4, 2008 (the "Class")

15. On or about December 4, 2008, Defendants terminated the Plaintiff's employment as part of a mass layoff and/or a plant closing which qualifies as an event for which he was entitled to receive to sixty (60) days' advance written notice under the WARN Act.

16. Defendants, as a single employer, never gave Plaintiff the statutorily required sixty (60) days notice of the mass layoff or termination in violation of the WARN Act.

17. At or about the time that the Plaintiff was discharged on or about December 4, 2008, Defendants discharged approximately 450 other employees at the Facilities (the "Class members").

18. Pursuant to WARN Act 29 U.S.C. § 2104(a)(5), the Plaintiff maintains this claim on behalf of each of the Class members and for his or her benefit.

19. Each of the Class members is similarly situated to the Plaintiff in respect to his or her rights under the WARN Act.

20. The Plaintiff and the Class members are an "affected employees" within the meaning of WARN Act 29 U.S.C. § 2101(a)(5).

21. Defendants were required by the WARN Act to give the Plaintiff and each of the Class members at least sixty (60) days prior written notice of their respective terminations.

22. Prior to their termination, neither the Plaintiff nor the Class members received written notice that complied with the requirements of the WARN Act.

23. Defendants failed to pay the Plaintiff and the Class members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) calendar days following their respective terminations and failed to make the 401(k) contributions and provide health insurance coverage and other employee benefits under ERISA in respect to them for sixty (60) calendar days from and after the dates of their respective terminations.

**CLASS ACTION ALLEGATIONS RULE 7023 (a) and (b)**

24. The Plaintiff asserts this claim on behalf of himself and the Class members pursuant to Rules 7023 (a) and (b) (3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

25. The Plaintiff and the Class members constitute a class within the meaning of Rules 7023 (a) and (b) (3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b)(3) of

the Federal Rules of Civil Procedure (The "Class").

26. Common questions of law and fact are applicable to all members of the Class.

27. The common questions of law and fact arise from and concern the following facts and actions, among others, that Defendants committed or failed to commit as to all members of the Class: all Class members enjoyed the protection of the WARN Act; all Class members were employees of Defendants who, prior to the terminations, worked at the Facilities; Defendants, as a single employer, terminated the employment of all the members of the Class without cause on their part without giving them at least sixty (60) days' prior written notice as required by the WARN Act; and Defendants failed to pay the Class members wages and to provide other employee benefits for the sixty (60) day period following their respective terminations.

28. The questions of law and fact common to the members of the Class, as above noted, predominate over any questions affecting only individual members, and thus, this Class claim is superior to other available methods for the fair and efficient adjudication of this controversy.

29. The Plaintiff's claims are typical of the claims of other members of the Class in that for each of the several acts described above, the Plaintiff is an injured party.

30. The Plaintiff will fairly and adequately protect and represent the interests of the Class.

31. The Plaintiff has the time and resources to prosecute this action and has retained counsel who have had extensive experience in matters involving employee rights, the

WARN Act, class action litigation and bankruptcy court litigation.

32. The Class is so numerous as to render joinder of all members impracticable as there are approximately 450 persons who are included in the Class.

33. The Class meets the requirements of Fed. R. Civ. P. 23(a) for class certification.

34. The Class meets the requirements of Fed. R. Civ. P. 23(b)(3) because the questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

35. No Class member has an interest in individually controlling the prosecution of a separate action under the WARN Act.

36. No litigation concerning the WARN Act rights of any Class member has been commenced.

37. Concentrating all the potential litigation concerning the WARN Act rights of the Class members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the Class members.

38. On information and belief, the identity of the Class members is contained in the books and records of Defendants.

39. On information and belief, a recent residence address of each of the Class members is contained in the books and records of Defendants.

40. On information and belief, the rate of pay and benefits that was being paid

by Defendants to each Class member at the time of his/her termination is contained in the books and records of Defendants.

41. As a result of Defendants' violation of the WARN Act, the Plaintiff and the other members of the Class have been damaged in amounts equal to the sum of: (a) their respective lost wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, 401 (k) contributions for sixty (60) calendar days; (b) the health and medical insurance and other fringe benefits that they would have received or had the benefit of receiving, for a period of sixty (60) calendar days after the dates of their respective terminations; and (c) medical expenses incurred during such period by such persons that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period.

## THE CLAIM FOR RELIEF

42. At all relevant times, the Defendants employed 100 or more employees (exclusive of part-time employees, i.e., those employees who had worked fewer than 6 of the 12 months prior to the date notice was required to be given or who had worked fewer than an average of 20 hours per week during the 90 day period prior to the date notice was required to be given (the "Part-Time Employees"), or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

43. At all relevant times, each Defendant was an "employer", as that term is defined in 29 U.S.C. § 2101(a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until it determined to order a mass layoff and/or plant closing at the Facilities.

44. The Defendants constituted a "single employer" of the Plaintiff and the Class members in that, among other things:

a. On information and belief, all Defendants shared common officers and directors;

b. On information and belief, Defendant Advantage and Southwest were wholly owned subsidiaries of Defendant ARC Venture;

c. Upon information and belief, all of the Defendants were entirely owned and controlled by Dennis E. Hecker ("Hecker");

d. On information and belief, each of the Defendants through their owner, Hecker, jointly made the labor decisions concerning Plaintiff's and Class members' employment including the decision to order the mass layoffs and plant closings that resulted in the termination of the Class members employment in violation of the WARN Act.

45. On or about December 4, 2008 the Defendants ordered a "mass layoff" and/or plant closing at the Facilities, as that term is defined by 29 U.S.C. § 2101(a)(2).

46. The mass layoff and/or plant closing at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty (50) of Defendants' employees as well as 33% of Defendants' workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. §2101(a)(8).

47. The Plaintiff and each of the other members of the Class were discharged by the Defendants without cause on his or her part as part of, or as the reasonably foreseeable result of, the mass layoff and/or plant closing ordered by the Defendants at the Facilities.

48. The Plaintiff and each of the other members of the Class is an "affected employee" of the Defendants within the meaning of 29 U.S.C. §2101(a)(5).

49. The Defendants were required by the WARN Act to give the Plaintiff and each of the other members of the Class at least 60 days advance written notice of his or her termination.

50. The Defendants failed to give the Plaintiff and other members of the Class written notice that complied with the requirements of the WARN Act.

51. The Plaintiff and each of the other members of the Class is an "aggrieved employee" of the Defendants as that term is defined in 29 U.S.C. §2104 (a)(7).

52. The Defendants failed to pay the Plaintiff and each of the other members of the Class their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

53. The relief sought in this proceeding is equitable in nature.

WHEREFORE, Plaintiff on his own behalf and on behalf of the other Class members demands judgment, jointly and severally, against Defendants as follows:

A. An allowed wage priority claim against the Debtors and judgment against the Non Debtor Defendants, in favor of the Plaintiff and Class members equal to the sum of: (a) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. §2104(a)(1)(A); The first

$10,950.00 of each Class member's allowed WARN Act claim against the Debtor Defendants is entitled to priority status, under 11 U.S.C. Section 507 (a)(4), and the remainder as a general unsecured claim;

  B. Certification that the Plaintiff and the other Class members constitute a single class;

  C. Appointment of the undersigned attorneys as Class Counsel;

  D. Appointment of Plaintiff as the Class Representative and payment of reasonable compensation to him for his services as such;

  E. An allowed administrative priority claim for the reasonable attorneys' fees and the costs and disbursements that the Plaintiff incurs in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6); and

  F. Such other and further relief as this Court may deem just and proper.

Dated: January 15, 2009

            */s/Robert D. Metcalf*
           Robert D. Metcalf (AIN 72308)
           Maurice U. Lazarus (AIN 61402)
           METCALF, KASPARI, ENGDAHL &
           LAZARUS, P.A.
           1660 South Highway 100, Suite 333
           Minneapolis, MN 55416
           Telephone: (952) 591-9444
           Facsimile: (952) 591-5806
           rdmetcalf@metcalf-law.com
           mlazarus@metcalf-law.com

LANKENAU & MILLER, LLP
Stuart J. Miller (SJM 4276)
132 Nassau Street, Suite 423
New York, New York 10038
Telephone: (212) 581-5005
Facsimile: (212) 581-2122
sjm@lankmill.com


THE GARDNER FIRM, P.C.
Mary E. Olsen (OLSEM4818)
M. Vance McCrary (MCCRM4402)
J. Cecil Gardner (GARDJ3461)
1119 Government Street
Post Office Drawer 3103
Mobile, AL 36652
Telephone: (251) 433-8100
Facsimile: (251) 433-8181
Molsen@thegardnerfirm.com
VMcCrary@thegardnerfirm.com
cgardner@thegardnerfirm.com

Cooperating Attorneys for the NLG Maurice and Jane Sugar Law Center for Economic and Social Justice